```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**BARBARA ORTIZ,**

      Plaintiff,

v.                                    Civil Action No. 2:18-cv-1129

**WILMINGTON SAVINGS FUND SOCIETY,
FSB d/b/a CHRISTINA TRUST AS
OWNER TRUSTEE OF THE
RESIDENTIAL CREDIT
OPPORTUNITIES TRUST III,
FCI Lender Services Inc., and
Dana Capital Group, Inc.,**

      Defendants.

## ORDER

Pending is the Motion for Partial Summary Judgment on its Counterclaims, filed by the defendant, Wilmington Savings Fund Society ("Wilmington"), on October 11, 2018. Wilmington acquired the mortgage loan in issue in 2017. FCI Lender Services, Inc. ("FCI") services the loan.

### I. Background

In 2003, the plaintiff, Barbara Ortiz ("Ortiz"), owed approximately $88,000 in real estate debt and $15,000 on a judgment lien, also secured by a second lien on the same real estate. Amended Compl. ¶ 8. Later that year, Ortiz refinanced

both debts, along with other unsecured debt, in an "overarching, refinancing debt (the "Loan")" with Fremont Investment & Loan Company. Def.'s Mot. Summ. J. 2 (citing Amended Compl. ¶ 14). Under the Loan, Ortiz executed a note for $115,545 ("Note"), secured by a deed of trust on her real estate ("Deed of Trust"). Def.'s Mot. Summ. J. 2 (citing Amended Compl. ¶ 41).

On May 31, 2017, Wilmington became owner of the Note, Deed of Trust, and Ortiz's debt through a series of assignments. Amended Compl. ¶ 5; Countercl. ¶ 5-7. Ortiz owed regular monthly payments under the Note and Deed of Trust, but failed to furnish them timely. Def.'s Mot. Summ. J. at Aff.; Countercl., Ex. A, B. As a result, she breached the terms of the Note and Deed of Trust, triggering the Loan's acceleration and the lender's option to exercise its power of sale. Countercl., Ex. 2 at 15.

Ortiz has been in default on the Loan since December 11, 2017. Def.'s Mot. Summ. J. at Aff. ¶ 10. She has not made a full, timely payment since May 18, 2017. Id. ¶ 9. On December 14, 2017, Wilmington served notice to execute a foreclosure sale of the property. Id. at Ex. G. Thereafter, on April 9, 2018, Ortiz instituted a lawsuit against defendants Wilmington and FCI in Fayette County Circuit Court, alleging various contractual defenses of unconscionability and fraud and

affirmative claims of fraud and excessive late fees. See Amended Compl. The complaint consists of six counts of which the principal counts are: Count I, Contract Defense - Unconscionable Broker Agreement (as to Broker Dana Capital only); Count II, Fraud as a Contract Defense – Loan Agreement (Loan Servicer/Holder); Count III, Unconscionability as a Contract Defense to the Loan Agreement (Loan Servicer/Holder); and Count IV, Fraud as a Contract Defense and for Damages (as to all defendants). Of the two remaining counts, Count V has been voluntarily dismissed and Count VI relates to Excessive Late Fees (Loan Servicer and Lender).

Defendants removed the action to this court on July 9, 2018, and Wilmington filed counterclaims for breach of contract and declaratory judgment, seeking to exercise its power of sale under the Deed of Trust. See Countercl. Wilmington now moves for summary judgment on its claim for declaratory judgment, requesting that the court authorize a foreclosure sale of the property owned by the plaintiff.

## II. Legal Standard

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

3

matter of law." Fed. R. Civ. P. 56(c). Material facts are those necessary to establish the elements of a party's cause of action. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. <u>Id.</u> The moving party has the burden of showing - "that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); <u>id.</u> at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. <u>Anderson</u>, 477 U.S. at 248. Even if there is no dispute as to the evidentiary facts,

4

summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).

III. Discussion

Wilmington claims it is entitled to exercise its power of sale on its security interest in the property that secures the Loan, even if the court later finds in favor of the plaintiff on her claims. While it denies the validity of Ortiz's claims, the defendant consents to holding the funds from the foreclosure sale in escrow until monetary damages, if any, are determined. The plaintiff counters, arguing that the motion is premature, inasmuch as her claims have not yet been resolved and the defendant's motion for summary judgment is "essentially a motion for preliminary injunction" that fails to satisfy the requisite elements thereof.

In her complaint, Ortiz asserts both fraud and unconscionability as contract defenses to the enforcement of the Loan. Amended Compl. ¶¶ 68, 70, 77. Subsection 46A-2-121(a)(1) of the West Virginia Code provides that if a court finds a consumer loan to "have been unconscionable at the time it was made, or to have been induced by unconscionable conduct such as affirmative misrepresentations, active deceit or concealment of

a material fact, the court may refuse to enforce the agreement." W. Va. Code § 46A-2-121(a)(1).

However, Wilmington cites <u>Quicken Loans v. Brown</u>, wherein the Supreme Court of Appeals held that although a court has the "authority to refuse to enforce the Note and Deed of Trust . . . pursuant to the provisions of West Virginia Code § 46A-2-121, the clear language of the statute simply does not allow the court to cancel [a] [p]laintiff's debt obligation." <u>Quicken Loans, Inc. v. Brown</u>, 737 S.E.2d 640, 661 (W. Va. 2012). Wilmington also relies on Section 46A-5-105, which provides:

> If a creditor has willfully violated the provisions of this chapter applying to illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice, in addition to the remedy provided in section one hundred one of this article, the court may cancel the debt <u>when the debt is not secured by a security interest.</u>

W. Va. Code § 46A-5-105 (emphasis supplied).

In light of § 46A-5-105 and <u>Brown</u>, Wilmington maintains that Ortiz may not cancel the secured Loan and "walk away with what she has." Def.'s Mot. Summ. J. 5. Rather, Wilmington claims she "must either repay the principal amount of the Loan lent to her or she must give up the real estate" and, "[g]iven Ortiz's inability to make the monthly payments on the loan, she is almost certainly unable to make the full payment of the loan principal right now . . . Ortiz should not be permitted

6

to delay the inevitable."  Id.  "No amount of discovery is needed," it claims, "to determine the clear holdings of directly on-point, blackletter law that a secured party cannot have its loan canceled."  Id. at 5.

Although the court may not cancel Ortiz's debt obligation under § 46A-5-105 even if she prevails on either of her claims of fraud and unconscionability, neither Brown nor § 46A-5-105 supports Wilmington's claim for declaratory judgment insofar as it seeks an order by the court directing a foreclosure sale pendente lite based on a motion filed and briefed at the outset of the case before pertinent discovery has concluded and the relevant issues have been developed. Accordingly, Wilmington's motion for partial summary judgment on its counterclaim which seeks foreclosure is denied.

## IV. Conclusion

For the foregoing reasons, it is ORDERED that Wilmington's motion for partial summary judgment be, and hereby is, denied.

The Clerk is requested to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: August 1, 2019

John T. Copenhaver, Jr.
Senior United States District Judge