```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**BARBARA ORTIZ,**

    **Plaintiff,**

**v.**                                              **Civil Action No. 2:18-cv-1129**

**WILMINGTON SAVINGS FUND SOCIETY,**
**FSB d/b/a CHRISTINA TRUST AS**
**OWNER TRUSTEE OF THE**
**RESIDENTIAL CREDIT**
**OPPORTUNITIES TRUST III,**
**FCI Lender Services Inc., and**
**Dana Capital Group, Inc.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiff's motion for default judgment, filed June 19, 2019, and supplemental affidavit in support, filed July 19, 2019.

Plaintiff filed a request for entry of default and accompanying motion for default judgment (ECF No. 42) against the defendant, Dana Capital Group, Inc. ("Dana Capital"), for failure to plead or otherwise defend.  Therein, plaintiff sought entry of default judgment against Dana Capital on Count I of the plaintiff's amended complaint (Count I – Contract Defense – Unconscionable Broker Agreement (Broker Dana Capital)), which seeks equitable relief, including restitution.  See ECF No. 42 ¶

2.  On July 19, 2019, the clerk entered default judgment against Dana Capital pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure.

In the plaintiff's motion for default judgment, she seeks (1) $2,950.00 in brokerage fees she paid to Dana Capital as set forth in the amended complaint,[1] (2) an aggregate amount of $9,262.62, which consists of $7,262.62 paid by the plaintiff to settle a $15,262.62 judgment lien and another $2,000.00 of attorneys' fees incurred by her in ultimately settling that lien debt for which the broker was supposed to have negotiated a settlement for $8,000.00 that was withheld by the lender for that purpose and eventually paid to the judgment creditor, also set forth in the amended complaint, and (3) $3,000.00 in statutory attorneys' fees.  ECF No. 42 ¶ 7.

In addition, plaintiff requests prejudgment interest "from the date of contract to the date of judgment."  ECF No. 42 ¶ 7.  She asks the court to apply an 8.99 percent interest rate inasmuch as the mortgage loan agreement (the "Note") which she entered into with the lender subjected the plaintiff to 8.99%

---

[1] In addition, plaintiff requests $1,155.45 in broker fees.  In support thereof, she relies upon a supplemental affidavit and supporting exhibit to her motion for default judgment, a HUD-1 Uniform Settlement Statement.  The exhibit, however, reflects that this sum was paid by the lender to the broker, and is not shown to have been deducted from the proceeds of the loan.  See Mot. Def. J. at Ex. 2.  The request for the $1,155.45 is denied.

monthly interest rate for repayment purposes.  This interest rate is inapplicable for the purpose of determining prejudgment interest on the unauthorized brokerage fees and out-of-pocket expenditures in relation to the judgment lien.

The award of prejudgment interest in a diversity case is governed by state law.  <u>Hitachi Credit Am. Corp. v. Signet Bank</u>, 166 F.3d 614, 633 (4th Cir. 1999).  West Virginia Code section 56-6-31 is the applicable statute for determining the amount of prejudgment interest.  Under the statute, "the rate of prejudgment interest is two percentage points above the Fifth Federal Reserve District secondary discount rate in effect on January 2, of the year in which the right to bring the action has accrued."  W. Va. Code § 56-6-31(b)(1), (2).  The right to bring action on the claims against Dana Capital accrued on the date of the closing of the Loan in issue - January 26, 2004.  <u>See</u> Note, ECF No. 5-1; Deed of Trust, ECF No. 5-2.  On January 2, 2004, the interest rate in effect was 2.5 percent.  Aggregating that with two percentage points results in an interest rate at 4.5 percent.  Accordingly, the court will use a 4.5 percent interest rate to calculate prejudgment interest against Dana Capital.

Lastly, plaintiff is entitled to attorneys' fees pursuant to Section 46A-5-104 of the West Virginia Consumer Credit and Protection Act, which provides:

> In any claim brought under this chapter applying to illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice, the court may award all or a portion of the costs of litigation, including reasonable attorney fees, court costs and fees, to the consumer. On a finding by the court that a claim brought under this chapter applying to illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice was brought in bad faith and for the purposes of harassment, the court may award to the defendant reasonable attorney fees.

W. Va. Code § 46A-5-104. Inasmuch as Count I is based upon allegations of unconscionable conduct of Dana Capital as well as bad faith, plaintiff is entitled to such relief.

Accordingly, it is hereby ORDERED that default judgment be entered in favor of the plaintiff against the defendant Dana Capital in the following amount: unauthorized brokerage fees of $2,950.00 and out-of-pocket expenditures of $9,262.62, aggregating $12,212.62, together with prejudgment interest thereon from January 26, 2004 through the date of judgment of $8,527.36, totaling $20,739.98. It is further ORDERED that plaintiff be awarded statutory attorney fees of $3,000.00.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

DATED: August 1, 2019

John T. Copenhaver, Jr.
Senior United States District Judge